This now I guess assumes that the court affirms in the first appeal, right? Otherwise this would be moot. Yes, Your Honor. All right. You may proceed. Sure. On cross-appeal, Mr. Karlen is requesting three things relating to this appeal. One, that the court reverse the district court order relating to the bill of costs that denied $22,170 of the fees claimed. Further, this court further award Mr. Karlen recovery on reasonable fees for the appeals. And third, that the court enter prejudgment interest in this matter. As we all know, the Supreme Court and this court has traditionally followed the Hensley v. Eckerhart analysis in determining reasonable attorneys fees and using the Lodestar analysis. In Quigley v. Winter, this court found that normally starting with this Lodestar is what is required because failure to conduct this undertaking creates a substantial burden upon the district court to account for its actions. So that's usually the first step. Other circuits have held that failure to use the Lodestar analysis at all is an abuse of discretion in and of itself. Here, Your Honors, we maintain that the district court abused its discretion with regard to the fee award for five primary reasons. First, the reasoning in her opinion for reducing it and only allowing an arbitrary $20,000 was because of limited success. But what this fails to do, Your Honors, is that the fees that were submitted were already reduced and only related to the successful claim. All fees relating to the unsuccessful claims were not submitted for for recovery. And so by the court reasoning that because of limited success, we should further reduce the fees that only relate to the success, that doesn't make any sense. Moreover, the court argues that this limited success, I'm sorry, this limited success is also questionable, Your Honor, because plaintiff did in fact prevail on two of its four claims, the statutory claims and the contract claims. The only claims it didn't prevail on were the alternative theories, which they couldn't recover on both. Secondly, the court reduced the fees in some part based on its analysis that the attorneys representing both parties needlessly increased the cost of resolving the dispute. And with that, she was talking about this issue of conditional payments. As we've already discussed, Jones-Langlaisel issued checks in litigation that were conditioned on the plaintiff giving up certain rights, including possible penalties that would have been involved. Obviously, those communications prompted communications between counsel and debate about the waiver issue that arose. And yet, that was a critical part in the decision-making by Judge Erickson, but she ruled that that should not be compensated, and that doesn't make any sense, Your Honor. Thirdly, there was additional reasoning by the court that there should be a reduction in the attorneys' fees because the lawsuit wasn't even necessary. As I've somewhat already indicated in my previous argument, that's not what the record shows. What the record shows is that despite efforts by Mr. Carlin to collect his commission's pre-suit, he was unsuccessful. There were communications between him and management. There was a written demand. And at that point, Jones-Langlaisel was not willing to pay him for the commissions he had earned. In fact, a couple of months go by, and it's only after the suit is filed and after there is a notice of removal that a payment is made within two days after that. Was it a refusal to pay, or was there just lack of response from JLL? Yes, Your Honor, good clarification. There was a complete lack of response, by them, and in response to the demand of which the statutory clock was ticking, they didn't pay. And at that point, after a couple of months of having no response, which I maintain is a refusal to pay, but there is a slight distinction, Your Honor, he was forced into suit. Clearly, the plaintiff's case was meritorious because there is an ultimate finding of damages against Jones-Langlaisel. Fourthly, Your Honors, the district court wholly ignored several important relevant factors that were in the record. And as this court has indicated before, that is an abuse of discretion where relevant factors that should have been given significant weight are not even considered. Some of those factors, Your Honors, were there were contemporaneous records of the time entries were provided for the 14 months that the suit was in litigation. There's no discussion by Judge Erickson about that time, that it was reasonable, that the hours were reasonable one way or the other. There's no reference to it at all. And again, that time that was submitted reasonably excluded any time that was spent on unsuccessful claims. There was an expert affidavit provided that provided evidence about market rates, experience and reputation of counsel, her experience in similar matters as this, and there's no mention at all regarding that piece of evidence as well, which goes to the factors in Hensley. Finally, what I think is critical here is even Jones-Langlaisel only challenged a small part of the fee submission that was made. And at most, based on the objections that they made, there would have been a reduction of $14,280. They identified $6,405 that they said should be excluded, and then they raised issues with other items saying up to $7,875 were at the court's discretion. And when I say $7,875, that's taking every objection they made and saying, okay, if they didn't get, if the court agreed that all of those should not be counted, that's what it would be. So even under Jones-Langlaisel, a review and analysis of the fee request that was submitted, they found that $27,890 was reasonably awarded. The court never addresses, in her opinion, anything about the hours, whether they were reasonable or not. She doesn't talk about the hourly rates, whether or not those were reasonable or not. There was additional evidence on the record of another case in the district in which the hourly rate submitted here had been approved by the court. And basically, under Judge Erickson's ruling of $20,000, which she doesn't really support with anything as to how she gets to $20,000, that would suggest that counsel should have spent about four hours a month for 14 months to pursue this claim on behalf of Mr. Carlin. And that's neither reasonable nor appropriate, particularly in view of the success that he obtained. Again, the purpose in allowing fees under 181.171 is to allow the prevailing employee to pursue claims and encourage attorneys to take those cases, even when the employee's claims may be small, versus the cost that it's going to be for them to pursue their claim. Many times, the amount of wages and commissions that are involved in these kinds of cases are small in the scope of the world, but they're large in the scope of these people's lives. And if we don't have a statute that allows them a means to pursue that, they won't be able to. So if the intent of the statute is to make sure that harmed employees with meritorious claims have legal representation, I would submit that Judge Erickson's district court order obfuscates that intent. For all of those reasons, Your Honors, I believe the court abuses discretion in arbitrarily reducing and denying more than half of the fees requested that's related just to the successful claim in this case. And for that reason, Mr. Carlin asks that Your Honors reverse that portion of the district court bill and cost order that eliminated 22,170, and also that the court further award fees relating to these appeals as it may under Jones v. McMillan. Finally, Your Honors, with regard to the prejudgment interest, this was previously ruled under Kostner v. Norstad, that prejudgment interest is appropriate in addition to damages, penalties, attorney's fees, and costs under the statutes that we're dealing with in this case. The court didn't answer that, and that prejudgment interest should have started accruing when plaintiff's claim arose, which was on February 21st, 2012. For that reason, Your Honors, we ask that the court include in its opinion that there should be an award of prejudgment interest in this case, and that, consistent with the Norstad opinion, plaintiff should be allowed to recover that. Very well. Thank you for your argument. Mr. Schillingstad, we'll hear from you on this issue. Thank you, Your Honors. Hal Schillingstad again for Jones Lang LaSalle. As the court is aware, this is an abuse of discretion standard with respect to the award of attorney's fees. Clearly, it's our position that there's no statutory liability, therefore there should be no attorney's fees. But getting to the merits of the attorney's fees issue that's briefed before the court, I'll only on some but not all of the requested attorney's fees and ends up with a higher number. I don't believe any court just relies solely upon what the floor being whatever the losing party objects to. I think it takes away the court's discretion as the case law points out. The trial court can exercise its discretion and look at the totality of circumstances and go upward, downward, whatever direction they want, so long as they stay within the confines of not abusing the discretion. With respect to the court's order on the attorney's fees motion, it's our contention that Judge Erickson's order is fairly detailed and embarrassingly so with respect to its criticism of the counsel on this case, for which I apologize to the opposing counsel and to the court. To have an order come out that's critical of the counsel that are handling the case is always a distressing occasion. However, I think it's notable that the court did look closely at that. Essentially, if I'm to summarize and crystallize the court's order, Judge Erickson seemed to conclude that the parties wasted each other's time and resources on a claim that didn't exist when it was first sued out and was created after the lawsuit was created solely due to the involvement of the lawyers. There's $7,000 of which of an exchange, if you look at the record, after the briefing but before the each other were, at least from our point of view, were trying to get Mr. Carlin to cash the checks and not waive anything that's currently on the on the motion and we could not arrive in agreement. Thousands of dollars were spent on that. Clearly, Judge Erickson was critical of counsel's conduct on that of which I am criticized as well in her order and I take full responsibility for and apologize for that. I think this is a unique case. It's a case where there was statutory liability that was invoked due to actions of counsel, not based on actions by the company. I think Judge Erickson, after looking at the full record and the exchanges that had taken place between counsel that were submitted as part of the attorney's fees motion, I think was impatient and probably appropriately so with the counsel and the litigants. At bottom, this was a simple case. She said . . . You did say in the letter that you'd waive your right to any other commission or something to that effect. There's no such letter in the record, Your Honor. Maybe I'm not quoting it correctly. What's the letter? I can get the exact . . . there is no letter. Well, there is a letter from plaintiff's counsel with respect to the condition. Is that what you're asking about? Yeah, what does it say? Remind me. With respect to . . . plaintiff's counsel had . . . well, this came up during the real argument, so I don't want to go outside the confines of the record that was before Judge Erickson's summary judgment motion, but since you asked, plaintiff's counsel . . . and this is in the record with respect to a May 13 email exchange. Plaintiff's counsel had asked me . . . these checks have come in or is this a waiver of anything according to satisfaction? I wrote back to plaintiff's counsel and said that that check . . . I should get the precise language, but we don't get any more commissions for the money that JLL received and has dispersed the 30% out to you or the commission share out of from the client. There was no mention of other claims that you may have. There was no mention of the basement space. The basement space didn't come up until November of 2012. That was the gist of the note. You can't double recover. If you're waiving anything, it's just an accord in satisfaction. You can't double recover. That's what my colleague, Jamie Cole, in the transcript tried to read into the record and we tried to submit that email exchange so that . . . to complete the record with respect to summary judgment to Judge Erickson, but she denied our request to submit that email that was read at the hearing when this issue came up concerning the condition. So the thing in the record is . . . What is in the record about the condition? It's plaintiff's counsel's letter summarizing what she believes my statement was. Responding to your letter? No, I didn't have a letter. It was an email exchange. Yeah, it was some weeks later and then she wrote a letter characterizing what she thought we were saying, which wasn't the case. And also, they also rely on Mr. . . . You didn't put your email in your summary judgment papers? We did not, Your Honor. We read the email at the hearing and Judge Erickson . . . I don't know how she treated it. She didn't . . . Well, it wasn't filed as part of the record and we conceded that at the hearing. Frankly, the issue with respect to the condition was whether or not he was paid or not, and it was our convention that he was paid. How they want to construe the payment . . . An issue that they brought up with us in their request to us, and I just responded to opposing counsel, that ends up being the act that has triggered statutory liability against our client or my client. The point of it . . . If you can look at . . . I mean, there's numerous emails as we're trying to get this motion, where that entire exchange in all the emails, all the letters, everything is made part of that record. A record that was submitted by plaintiff's counsel, or I'll say appellate, appellant on this issue, counsel, with respect to the attorney's fees issue, is where that complete record was then put before Judge Erickson. But it is outside the summary judgment motion. I want to be mindful of that with respect to the court's . . . If there's a court to uphold the trial court's award of attorney's fees, we believe that is well founded. We object to it in the first instance. However, we don't believe there's an abuse of discretion by the trial court, unless there's any other questions. What about pre-judgment interest? Don't the cases say that's not waived by not requesting it, and that it's dictated by statute? Yeah, I think that . . . Well, the pre-judgment interest of Judge Erickson's case, they had to ask for it, amend the judgment in some way, and take an affirmative step to preserve that, and that would be our position as well. I thought there's a Minnesota case, an Eighth Circuit case, I thought, that seemed to say there's no request for . . . 549. Pardon me? I think it's constrained to statute, 549.09. Yeah, this employer's investment company case. It's unpublished, I guess, from Minnesota Court of Appeals, but it says it doesn't require a request. The statute is silent with respect. You have to specifically and affirmatively request it. Any other questions I can address? All right, thank you. Thank you, Your Honor. I just have a minute left, and I'd like to quickly address this waiver discussion, because I think it gets a little confusing. What was on the record before Judge Erickson at the time of the summary judgment relating to the waiver issue were two things. One was my affidavit dated March 21, 2013. That's at Appendix J112 to 114, Paragraph 10 dealt with this issue. And also, Exhibit C to that affidavit, which was my letter to Mr. Schillingstadt of May 15, 2012, memorializing our conversations. That was the waiver discussions that the court considered at the time of summary judgment. At that time, during the hearing, there was an attempt to offer additional evidence. The judge did not accept it. There was a motion that it entered after judgment, and the judge denied that. So that wasn't part of the record. Where the additional documents come into play on the attorney's fee issue was, there was additional communications after May 15, 2012, and those, Your Honor, were K45 through approximately K60. My time is up. If I could finish my statement. Which statement? I wanted to explain this document that I'm referring to in the record. All right. Briefly. Yeah. To the extent that there's an argument that none of this should be, equates to reasonable attorney's fees, if Your Honor's look at the record and what that communication was, and the stipulation that was prepared and sent to counsel to sign it so that these issues could be resolved, you will see that the issues were not resolved, and they were important to the summary judgment hearing that was coming up. Thank you, Your Honor. Okay. Thank you very much. The cases are submitted, and we will file an opinion in due course. Thank you both.